GENOVA & MALIN  DATE: NOVEMBER 17, 2009
Attorneys for Debtor  TIME: 10:30 A.M.
Hampton Business Center
1136 Route 9
Wappingers Falls, New York 12590
(845) 298-1600
Thomas Genova, Esq. (TG4706)
Andrea B. MALIN, Esq. (AM4424)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-----------------------------------------------------X
IN RE:
                                                            **CHAPTER 13**
NORMAN GERSHON,       **CASE NO. 09-35191 (CGM)**

                Debtor.
-----------------------------------------------------X

**NOTICE OF MOTION TO IMPOSE SANCTIONS PURSUANT
TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011**

**S I R S :**

      **PLEASE TAKE NOTICE** that upon the Motion, Notice of Motion and Affidavit of the Debtor, dated October 12, 2009, the undersigned will move this Court at the U.S. Bankruptcy Court, 355 Main Street, Poughkeepsie, New York on the 17th day of November, 2009 at 10:30 a.m. or as soon thereafter as counsel can be heard for an Order, pursuant to 11 U.S.C. §105 and Federal Rule of Bankruptcy Procedure 9011 imposing sanctions against MARK SONKIN ("MARK") and HOWARD FIFER ("HOWARD") and SONKIN and FIFER for the filing of a frivolous proof of claim, and for such other and further relief as to the Court may seem just and proper.

      **PLEASE TAKE FURTHER NOTICE,** that answering papers, if any, shall be served upon and received by counsel for the debtor at the address indicated below and filed with the

Court together with proof of such service, no later than three (3) days prior to the return date hereof.

Dated: Wappingers Falls, New York
       October 8, 2009

                                    GENOVA & MALIN
                                    Attorneys for the Debtor

                 By:     /s/ Andrea B. Malin
                                   ANDREA B. MALIN(AM4424)
                                   Hampton Business Center
                                   1136 Route 9
                                   Wappingers Falls, N.Y. 12590
                                   (914) 298-1600

GENOVA & MALIN
Attorneys for Debtor
Hampton Business Center
1136 Route 9
Wappingers Falls, New York 12590
(845) 298-1600
Thomas Genova, Esq. (TG4706)
Andrea B. MALIN, Esq. (AM4424)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-------------------------------------------------------X
IN RE:
                                           **CHAPTER 13**
NORMAN GERSHON,                    **CASE NO. 09-35191 (CGM)**

                Debtor.
.-------------------------------------------------------X

**MOTION FOR SANCTIONS PURSUANT TO 11 U.S.C. §105**
**AND FEDERAL RULE OF 9011 WITH POINTS OF LAW**

**TO HONORABLE CECELIA G. MORRIS, UNITED STATES BANKRUPTCY JUDGE:**

The Motion of NORMAN GERSHON (the "debtor"), by his attorneys, GENOVA and MALIN, respectfully alleges:

### FACTUAL HISTORY

1. On February 2, 2009, the debtor filed a Petition under Chapter 13 of the United States Bankruptcy Code.

2. Prior to the filing, the debtor was a partner in a partnership known as SONKIN, FIFER & GERSHON (the "Partnership"). The partnership practiced personal injury law. It was the debtor's obligation to the partnership to try the personal injury cases pending with the firm. The parties' partnership agreement provided that the partners were each entitled to receive 1/3 of the net income earned by the partnership from each personal injury case as salary.

3. Additionally, the partnership would accept cases for such things as medical malpractice that would be routinely referred to other firms. If the partnership referred out a case, routinely the referral agreement would provide that the Partnership would receive 1/3 of the net proceeds of the case upon settlement or payment of verdict. Likewise, if the Partnership was to refer out a personal injury case to another attorney to perform the trial portion of the case, the trial attorney routinely received 1/3 of the net proceeds due and owing to the Partnership.

4. The fees or income due to each of the partners was paid to said partners through THREE (3) separate corporations created by each of the partners for the purpose of receiving this income.

5. Prior to the filing of the debtor's Chapter 13, in order to maintain his family expenses, the debtor was forced to seek to borrow funds from several outside sources. One such source is a company known as ARDEC. ARDEC is a company that regularly engages in lending law firms and individual attorneys money against the possibility of future income. This is a practice regularly engaged in by personal injury firms due to the nature of the flow of income received and the need to maintain monthly expenses while waiting for said income, to wit: settlements on cases that may take years to bring to fruition.

6. On or about January 30, 2009, the debtor's partners requested that he resign from the partnership. Upon the debtor's resignation from the Partnership, the debtor was denied entry to the Partnership office space and all partnership files, books and records. At the time that the debtor resigned, there remained over 100 open cases pending with the Partnership in which the debtor not only had a pecuniary interest, but also owed to the partnership's existing clients the ethical obligation to fulfill the partnership's retainer. The debtor remained ready, willing and able to

continue to perform trial services on all pending cases of the Partnership so as to effectuate an appropriate and efficient winding down of the business. Debtor has continually advised his partners MARK SONKIN ("MARK") and HOWARD FIFER ("HOWARD") of his willingness to do so. SONKIN and FIFER have refused to permit the debtor to fulfill his obligations to the Partnership's clients, but instead continues to conduct Partnership business denying debtor access to same. SONKIN and HOWARD are in possession of all files and equipment of the Partnership, including the lease to the Partnership premises which they continue to occupy. Additionally, SONKIN & HOWARD have collected fees on the partnerships cases and have unlawfully refused the debtor same.

7. HOWARD and SONKIN have wrongfully and unlawfully failed and refused to permit the debtor access to the Partnership's files, assets, equipment or premises and clients so to permit the debtor to continue to provide services to the Partnership's existing clients to whom he has a fiduciary duty.

8. On June 1, 2009, the firm of SONKIN & FIFER filed Claim No. 7 as a general unsecured claim for the sum of $500,000.00, "subject to adjustment." The alleged basis of the claim is losses suffered by the Partnership due to the resignation of the debtor. The claim as filed sets forth no documentary evidence to support the claim. (See Claim No.7 filed on this Court's Docket).

9. On June 26, 2009, the debtor sent correspondence to the claimant requesting that it provide a documentary basis and/or legal basis for the claim, as filed. See Exhibit "A" attached hereto. As required by F.R.B.P. 9011, the request was made that the claim be withdraw if it was without factual or legal basis within the twenty-one (21) day "safe harbor" period.

10. On or about July 10, 2009, the claimant responded to the request and provided

3

to debtor's counsel a letter which purported to set forth a legal/factual basis for the claim. Annexed hereto as Exhibit "B" is this correspondence.

### A. CLAIM NO. 7 FILED BY SONKIN & FIFER

11. The debtor has examined into Claim No. 7 filed by SONKIN & FIFER ("" SONKIN"), on June 1, 2009, as a general unsecured claim in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

12. SONKIN'S claim arises from alleged damages arising from the debtor's resignation from the partnership, to wit:

a. alleged breach of fiduciary duty to the partnership due to his assignment to a legal lending corporation his future interest in pending cases with the Partnership;

b. alleged possible future lose caused by the necessity for SONKIN & FIFER to retain trial counsel in the existing cases of the Partnership due to the debtor's absence;

c. alleged possible future lose on contracts upon which all of the parties are obligated, such as the office lease, equipment leases and the like;

d. alleged possible future lose due to the expenses that will be incurred by the Partnership in winding down the business; and

e. alleged loss incurred by HOWARD and MARK due to the debtor's early withdrawal from the Partnership's Profit Sharing Plan.

13. To date, despite the debtor's lawful request for documentation demonstrating the "alleged future lose" as set forth in the claim, no such documentation has been provided, but for the self serving letter annexed hereto as Exhibit B. As is easily gleaned from this letter, there appears to exist no factual or legal basis for the claim. Additionally, to date, the remaining partners

continue to operate in the Partnership leased space, using the Partnership's equipment and supplies, and collecting Partnership fees without making any distributions, as required by law, to the debtor. Simply put, the remaining partners have continued to operate the Partnership "as is" and have not sought to wind down same as required by New York State Business and Partnership Law.

14. Additionally, neither the partnership, HOWARD or MARK has sought to liquidate any alleged lose with regard to the allegations made against the debtor or properly wind down the Partnership. Instead, the only action taken in this matter was for SONKIN and FIFER (1) to file an Objection to Confirmation in the case alleging, amongst other things, that the debtor's plan should not be confirmed as the debt owed exceeds the debt cap for Chapter 13 set forth in Section 109 of the United States Bankruptcy Code (the "Code") and that it believes that debtor is making income that the sum set forth as debtor's Schedules and (2) in response to th debtor's filing of 2004 Examination Requests file a Motion to Dismiss on the identical grounds cited in the Objection to Confirmation.

15. It is patently clear from a review of the facts and the law that neither SONKIN, HOWARD OR MARK have a valid claim against the debtor, thus, the claim as filed should be expunged. In re Bennett, 83 B.R. 248 (B.Ct.S.D.N.Y. 1988); In re Make Meat Corp., 1999 WL 178788 (B.Ct.S.D.N.Y. 1999); In re Kahn, 114 B.R. 40 (B.Ct.S.D.N.Y. 1990); In re Georg Jensen, Inc, 1 B.R. 239 (B.Ct.S.D.N.Y. 1979); In re Chateaugay Corp., 154 B.R. 29 (B.Ct.S.D.N.Y. 1993); In re Semetex Corporation, 853 F.Supp. 759 (D.Ct.S.D.N.Y. 1994); and In re Lamica Corporation, 65 B.R. 849 (B.Ct.S.D.N.Y. 1986).

### AWARD OF SANCTIONS TO DEBTOR

16. Should the Court impose sanctions against SONKIN & FIFER ("SONKIN"),

MARK FIFER ("FIFER") and MARK SONKIN ("SONKIN") for the filing of a frivolous proof of claim pursuant to 11 U.S.C. §105 and F.R.B.P. 9011?

17. It is clear from the facts and circumstances set forth herein that the claim filed by SONKIN in the instant case is frivolous.

18. Federal Rule of Bankruptcy Procedure 9011; 11 U.S.C. §105; <u>Eastway Construction Corp. v. City of New York</u>, 762 F.2d 243 (2d Cir. 1985); <u>In re Gorshtein</u>, 285 B.R. 118 (B.Ct.S.D.N.Y. 2002); <u>In re Sheldon</u>, 1997 W.L. 728415 (B.Ct.S.D.N.Y. 1997); and <u>In re Kriss</u>, 217 B.R. 147 (B.Ct.S.D.N.Y. 1998). Federal Rule of Bankruptcy Procedure 9011 states:

> Federal Rule of Bankruptcy Procedure Rule 9011 provides, in pertinent part:
>
> **(a) Signature**
>
> Every petition, pleading, motion and **other paper** ... shall be signed by at least one attorney of record in the attorneys's individual name.... A party who is not represented by an attorney shall sign all papers. Each paper shall state the signer's address and telephone number, if any....
>
> **(b) Representations to the Court**
>
> By presenting to the court (whether by signing, filing, submitting, or later advocating) ... other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defense, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have

evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonable based on a lack of information or belief.

### c) Sanctions

If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(2) Nature of Sanction; Limitations. A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

Accordingly, it is clear that Rule 9011 provides to the Court the power to sanction those parties who file proofs of claims that lack merit and are neither based upon law or fact.

19. Additionally, the Court is given the inherit power to supervise and control its calendar under 11 U.S.C. §105; and under this section may review documents to determine if such are filed in bad faith and may impose many of the same type of sanctions as a Court may awarded under F.R.B.P. 9011, to wit: attorneys fees, costs and disbursements. In re Gorshtein, supra. The purpose of the sanctions rule set forth in Section 105 of the United States Bankruptcy Code is to prevent parties from filing baseless ligation. Id.

20. In order for the Court to make a determination as to whether a violation has

occurred, under either 11 U.S.C. 105 or F.R.B.P. 9011, the Courts must find "a showing of bad faith based on objective standards.... In order for sanctions to be supported under this test, it must be clear that the motion made has no chance of success under the existing circumstances." Id. at 125. In regard to this determination, the creditor's claim that it did not possess a subjective intent to injure the debtor or just made a clerical mistake is not a defense to the request for sanctions. Id.

21. In the case of Gorshtein, the Honorable Adlai S. Hardin, Jr. addressed the issue of the imposition of sanctions under 11 U.S.C. §105 and F.R.B.P. 9011 against institutional creditors who had filed 362 Motions in cases where the debtors were current on all post-petition payments. In applying the objective test set forth by the Second Circuit, the judge opined:

> The operative objective facts here were that in each case the movant had the institutional "knowledge" embodied in documentary evidence in its own files that the debtors had paid or tendered payment of all of the mortgage payments which were certified as unpaid. Reasonable investigation of its own records could and did reveal or confirm to the movant that the payments in question had all been made or tendered. Whether the cause of the false certification should be labeled intent to deceive, gross negligence, incompetence or mere inadvertence is indeterminable and, in any event, really does not matter. It does not matter because the result is the dame for the debtor and the judicial process, which will be victimized by the misstatement if for any reason the debtor fails to respond timely to a baseless motion.
>
> The integrity of the judicial process is undermined when the court is asked to grant substantive relief based on a certification of purported fact which is contradicted by the movant's own records. In such cases, sanctions are warranted.

Id. at 126. The facts set forth in Gorshtein clearly apply in this case. First, the creditors herein claim that they have been injured due to debtor's failure to continue with the partnership. However, the debtor has no legal obligation to do so and, in fact, has made every effort to fulfill his obligation to

the firm but has been prevented from doing so by the very partners who now claim that they have been injured by his leaving. Interestingly enough, those partners continue to operate the firm employing firm equipment and assets and collecting on cases without distributing funds to the debtor. Clearly, the only party suffering damages herein is the debtor and the debtor's family and the debtor's actual creditors. Furthermore, the creditors herein are in possession of all of the information which demonstrates that the debtor's absence has caused no loss or injury to them evidenced by the fact that they continue to conduct business as usual.

22. Lastly, once it has been found by the Court that a violation of F.R.B.P. 9011 has occurred, the imposition of sanctions is mandatory. <u>U.S. v. Int'l Board of Teamsters</u>, 948 F.2d 1338 (2nd Cir 19991); <u>In re Sheldon</u>, <u>supra</u>. As such, the debtor requests he be awarded attorney fees in the sum of $1,242.50 and fees, costs and disbursements in the sum of $31,50, all totaling the sum of $1,274.00.

23. To date, the firm of GENOVA & MALIN has expended FOUR (4) hours of attorney time and ONE AND ONE HALF (1.5) hours of paralegal time on this file in preparation and prosecution of this motion. The firms billing rate for attorney time is $275.00 per hour. The firms billing rate for paralegal time is $95.00. The debtor will continue to incur legal fees with regard to the prosecuting of this Motion and therefore, reserves the right to supplement this request.

24. This motion was served upon FIVE (5) parties which required the firm of GENOVA & MALIN to incur copy costs in the sum of TWENTY-TWO DOLLARS ($22.00) and postage fees in the sum of NINE DOLLARS AND FIFTY CENTS ($9.50). Annexed hereto as Exhibit "C" is a copy of the time sheets.

Accordingly, it is patently clear that a review of the facts in this case clearly fall

within the purview of those cases defining bad faith sufficient to require an award of sanctions either under 11 U.S.C. §105 or F.R.B.P. 9011, including attorneys fees, costs and disbursements and, under Rule 9011, punitive damages.

    **WHEREFORE,** it is respectfully requested that SONKIN, FIFER and SONKIN & FIFER be held liable for a violation of Federal Rule of Bankruptcy Procedure 9011 and be sanctioned pursuant to Rule 9011 and Section 105 of the United States Bankruptcy Code through an award of his attorneys fees, costs and disbursements; and that the debtor be granted such other and further relief as to this Court may seem just and proper.

Date: Wappingers Falls, New York
    October 18, 2009

             GENOVA & MALIN
             Attorneys for the Debtor

         By: /s/Andrea B. Malin
             ANDREA B. MALIN, ESQ. (4424)
             Hampton Business Center
             1136 Route 9
             Wappingers Falls, NY 12590
             (845) 298-1600