GENOVA & MALIN
Attorneys for Debtor
Hampton Business Center
1136 Route 9
Wappingers Falls, New York 12590
(845) 298-1600
Thomas Genova, Esq. (TG4706)
Andrea B. Malin, Esq. (AM4424)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
--------------------------------------------------------X
IN RE:

                                                    **CHAPTER 13**
NORMAN GERSHON,                       **CASE NO. 09-35191 (CGM)**

               Debtor.
--------------------------------------------------------X

**AFFIDAVIT IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO 11 U.S.C. §105 AND FEDERAL RULE OF 9011 WITH POINTS OF LAW**

I, NORMAN GERSHON, depose and say**:**

**FACTUAL HISTORY**

1. On February 2, 2009, I filed a Petition under Chapter 13 of the United States Bankruptcy Code.

2. Prior to the filing, I was a partner in a partnership known as SONKIN, FIFER & GERSHON (the "Partnership"). The partnership practiced personal injury law. It was my obligation to the partnership to try the personal injury cases pending with the firm. The parties' partnership agreement provided that the partners were each entitled to receive 1/3 of the net income earned by the partnership from each personal injury case as salary.

3. Additionally, the partnership would accept cases for such things as medical malpractice that would be routinely referred to other firms. If the partnership referred out a case,

routinely the referral agreement would provide that the Partnership would receive 1/3 of the net proceeds of the case upon settlement or payment of verdict. Likewise, if the Partnership was to refer out a personal injury case to another attorney to perform the trial portion of the case, the trial attorney routinely received 1/3 of the net proceeds due and owing to the Partnership.

4. The fees or income due to each of the partners was paid to said partners through THREE (3) separate corporations created by each of the partners for the purpose of receiving this income.

5. Prior to the filing of my Chapter 13, in order to maintain his family expenses, I was forced to seek to borrow funds from several outside sources. One such source is a company known as ARDEC. ARDEC is a company that regularly engages in lending law firms and individual attorneys money against the possibility of future income. This is a practice regularly engaged in by personal injury firms due to the nature of the flow of income received and the need to maintain monthly expenses while waiting for said income, to wit: settlements on cases that may take years to bring to fruition.

6. On or about January 30, 2009, my partners requested that he resign from the partnership. Upon my resignation from the Partnership, I was denied entry to the Partnership office space and all partnership files, books and records. At the time that I resigned, there remained over 100 open cases pending with the Partnership in which I not only had a pecuniary interest, but also owed to the partnership's existing clients the ethical obligation to fulfill the partnership's retainer. I remained ready, willing and able to continue to perform trial services on all pending cases of the Partnership so as to effectuate an appropriate and efficient winding down of the business. I have continually advised my partners MARK SONKIN ("MARK") and HOWARD

FIFER ("HOWARD") of my willingness to do so. SONKIN and FIFER have refused to permit me to fulfill his obligations to the Partnership's clients, but instead continues to conduct Partnership business denying me access to same. SONKIN and HOWARD are in possession of all files and equipment of the Partnership, including the lease to the Partnership premises which they continue to occupy. Additionally, SONKIN & HOWARD have collected fees on the partnerships cases and have unlawfully refused me same.

7. HOWARD and SONKIN have wrongfully and unlawfully failed and refused to permit me access to the Partnership's files, assets, equipment or premises and clients so to permit me to continue to provide services to the Partnership's existing clients to whom I have a fiduciary duty.

8. On June 1, 2009, the firm of SONKIN & FIFER filed Claim No. 7 as a general unsecured claim for the sum of $500,000.00, "subject to adjustment." The alleged basis of the claim is losses suffered by the Partnership due to my resignation. The claim as filed sets forth no documentary evidence to support the claim. (See Claim No.7 filed on this Court's Docket).

9. On June 26, 2009, I sent correspondence to the claimant requesting that it provide a documentary basis and/or legal basis for the claim, as filed. See Exhibit "A" attached hereto. As required by F.R.B.P. 9011, the request was made that the claim be withdraw if it was without factual or legal basis within the twenty-one (21) day "safe harbor" period.

10. On or about July 10, 2009, the claimant responded to the request and provided my counsel a letter which purported to set forth a legal/factual basis for the claim. Annexed hereto as Exhibit "B" is this correspondence.

## A. CLAIM NO. 7 FILED BY SONKIN & FIFER

11. I have examined into Claim No. 7 filed by SONKIN & FIFER (""SONKIN"), on June 1, 2009, as a general unsecured claim in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

12. SONKIN'S claim arises from alleged damages arising from my resignation from the partnership, to wit:

a. alleged breach of fiduciary duty to the partnership due to his assignment to a legal lending corporation his future interest in pending cases with the Partnership;

b. alleged possible future lose caused by the necessity for SONKIN & FIFER to retain trial counsel in the existing cases of the Partnership due to my absence;

c. alleged possible future lose on contracts upon which all of the parties are obligated, such as the office lease, equipment leases and the like;

d. alleged possible future lose due to the expenses that will be incurred by the Partnership in winding down the business; and

e. alleged loss incurred by HOWARD and MARK due to my early withdrawal from the Partnership's Profit Sharing Plan.

13. To date, despite my lawful request for documentation demonstrating the "alleged future lose" as set forth in the claim, no such documentation has been provided, but for the self serving letter annexed hereto as Exhibit B. As is easily gleaned from this letter, there appears to exist no factual or legal basis for the claim. Additionally, to date, the remaining partners continue to operate in the Partnership leased space, using the Partnership's equipment and supplies, and

collecting Partnership fees without making any distributions, as required by law, to me. Simply put, the remaining partners have continued to operate the Partnership "as is" and have not sought to wind down same as required by New York State Business and Partnership Law.

14. Additionally, neither the partnership, HOWARD or MARK has sought to liquidate any alleged lose with regard to the allegations made against me or properly wind down the Partnership. Instead, the only action taken in this matter was for SONKIN and FIFER (1) to file an Objection to Confirmation in the case alleging, amongst other things, that my plan should not be confirmed as the debt owed exceeds the debt cap for Chapter 13 set forth in Section 109 of the United States Bankruptcy Code (the "Code") and that it believes that I am making income greater than the sum set forth in my Schedules and (2) in response to my filing of 2004 Examination Requests SONKIN filed a Motion to Dismiss on the identical grounds cited in the Objection to Confirmation.

15. Accordingly, it is patently clear that a review of the facts in this case clearly fall within the purview of those cases defining bad faith sufficient to require an award of sanctions either under 11 U.S.C. §105 or F.R.B.P. 9011, including attorneys fees, costs and disbursements and, under Rule 9011, punitive damages.

**WHEREFORE,** it is respectfully requested that SONKIN, FIFER and SONKIN & FIFER be held liable under Federal Rule of Bankruptcy Procedure and Section 105 of the United States Bankruptcy Code and that I be awarded my attorney fees, costs and disbursements; and be granted such other relief as to this Court seems proper.

Date: Wappingers Falls, New York
      October 8, 2009          /s/ Norman Gershon
                                                           NORMAN GERSHON

Sworn to before me this
8th day of October, 2009.

/s/ Jamie L. Lakin
JAMIE L. LAKIN
Notary Public State of New York
Qualified in Ulster County
Commission Expires 2/17/2012