GENOVA & MALIN　　　　　　　　　　　　　　DATE: NOVEMBER 17, 2009
Attorneys for Debtor　　　　　　　　　　　　　TIME: 9:15 A.M.
Hampton Business Center
1136 Route 9
Wappingers Falls, New York 12590
(845) 298-1600
Thomas Genova, Esq. (TG4706)
Andrea B. MALIN, Esq. (AM4424)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-----------------------------------------------------X
IN RE:
　　　　　　　　　　　　　　　　　　　　　　　**CHAPTER 13**
NORMAN GERSHON,　　　　　　　　　　　　　CASE NO. 09-35191 (CGM)

　　　　　　Debtor.
-----------------------------------------------------X

## NOTICE OF MOTION OBJECTING TO CLAIM

**S I R S :**

　　　　**PLEASE TAKE NOTICE** that the undersigned, being the attorneys for the above-referenced debtor, will move the above-named Court located at 355 Main Street, Poughkeepsie, New York, 12601, on the 17th day of **November, 2009** at **9:15 a.m.**, pursuant to Bankruptcy Rule 9014, for an Order pursuant to 11 U.S.C. §§502(a), 502(b)(1), 105 and Federal Rules of Bankruptcy Procedure 3007 and 9011:

　　　　a)　**Expunging** the following claim:

| CLAIM NO. | CLAIMANT | AMOUNT |
|---|---|---|
| 7 | SONKIN & FIFER | $500,000.00; and |

　　　　b)　for such other and further relief as to the Court may seem just and proper.

　　　　Please take further notice that answering papers, if any, must be served no later

than THREE (3) days prior to the return date herein and served upon debtor's counsel.

Dated: Wappingers Falls, New York
      October 8, 2009

    GENOVA & MALIN
    Attorneys for the Debtor

By:   /s/ Andrea B. Malin
    ANDREA B. MALIN, ESQ. (4424)
    1136 Route 9
    Wappingers Falls, NY 12590
    (845) 298-1600

TO:  HELLERING LINDEMAN GOLDSTEIN
    &amp; SIEGAL, LLP
    Attorneys for Mark Sonkin, Howard Fifer
    & Sonkin & Fifer
    One Gateway Center, 8th Floor
    Newark, NJ 07102
    Attn: Richard B. Honig, Esq.

| NORMAN GERSHON | JEFFREY L. SAPIR, ESQ. |
| --- | --- |
| 7 Deer Court | 399 Knollwood Road, Suite 102 |
| Brewster, NY 10509 | White Plains, NY 10603 |

GENOVA & MALIN
Attorneys for Debtor
Hampton Business Center
1136 Route 9
Wappingers Falls, New York 12590
(845) 298-1600
Thomas Genova, Esq. (TG4706)
Andrea B. MALIN, Esq. (AM4424)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-------------------------------------------------------X
IN RE:
                                                   CHAPTER 13
NORMAN GERSHON,                     CASE NO. 09-35191 (CGM)

        Debtor.
.-------------------------------------------------------X

## MOTION OBJECTING TO CLAIMS WITH POINTS OF LAW

**TO HONORABLE CECELIA G. MORRIS, UNITED STATES BANKRUPTCY JUDGE:**

       The Motion of NORMAN GERSHON (the "debtor"), by his attorneys, GENOVA and MALIN, respectfully alleges:

### FACTUAL HISTORY

       1.    On February 2, 2009, the debtor filed a Petition under Chapter 13 of the United States Bankruptcy Code.

       2.    Prior to the filing, the debtor was a partner in a partnership known as SONKIN, FIFER & GERSHON (the "Partnership"). The partnership practiced personal injury law. It was the debtor's obligation to the partnership to try the personal injury cases pending with the firm. The parties' partnership agreement provided that the partners were each entitled to receive 1/3 of the net income earned by the partnership from each personal injury case as salary.

       3.    Additionally, the partnership would accept cases for such things as medical

malpractice that would be routinely referred to other firms. If the partnership referred out a case, routinely the referral agreement would provide that the Partnership would receive 1/3 of the net proceeds of the case upon settlement or payment of verdict. Likewise, if the Partnership was to refer out a personal injury case to another attorney to perform the trial portion of the case, the trial attorney routinely received 1/3 of the net proceeds due and owing to the Partnership.

4. The fees or income due to each of the partners was paid to said partners through THREE (3) separate corporations created by each of the partners for the purpose of receiving this income.

5. Prior to the filing of the debtor's Chapter 13, in order to maintain his family expenses, the debtor was forced to seek to borrow funds from several outside sources. One such source is a company known as ARDEC. ARDEC is a company that regularly engages in lending law firms and individual attorneys money against the possibility of future income. This is a practice regularly engaged in by personal injury firms due to the nature of the flow of income received and the need to maintain monthly expenses while waiting for said income, to wit: settlements on cases that may take years to bring to fruition.

6. On or about January 30, 2009, the debtor's partners requested that he resign from the partnership. Upon the debtor's resignation from the Partnership, the debtor was denied entry to the Partnership office space and all partnership files, books and records. At the time that the debtor resigned, there remained over 100 open cases pending with the Partnership in which the debtor not only had a pecuniary interest, but also owed to the partnership's existing clients the ethical obligation to fulfill the partnership's retainer. The debtor remained ready, willing and able to continue to perform trial services on all pending cases of the Partnership so as to

effectuate an appropriate and efficient winding down of the business. Debtor has continually advised his partners MARK SONKIN ("MARK") and HOWARD FIFER ("HOWARD") of his willingness to do so. SONKIN and FIFER have refused to permit the debtor to fulfill his obligations to the Partnership's clients, but instead continues to conduct Partnership business denying debtor access to same. SONKIN and HOWARD are in possession of all files and equipment of the Partnership, including the lease to the Partnership premises which they continue to occupy. Additionally, SONKIN & HOWARD have collected fees on the partnerships cases and have unlawfully refused the debtor same.

7. HOWARD and SONKIN have wrongfully and unlawfully failed and refused to permit the debtor access to the Partnership's files, assets, equipment or premises and clients so to permit the debtor to continue to provide services to the Partnership's existing clients to whom he has a fiduciary duty.

8. On June 1, 2009, the firm of SONKIN & FIFER filed Claim No. 7 as a general unsecured claim for the sum of $500,000.00, "subject to adjustment." The alleged basis of the claim is losses suffered by the Partnership due to the resignation of the debtor. The claim as filed sets forth no documentary evidence to support the claim. (See Claim No.7 filed on this Court's Docket).

9. On June 26, 2009, the debtor sent correspondence to the claimant requesting that it provide a documentary basis and/or legal basis for the claim, as filed. See Exhibit "A" attached hereto. As required by F.R.B.P. 9011, the request was made that the claim be withdraw if it was without factual or legal basis within the twenty-one (21) day "safe harbor" period.

10. On or about July 10, 2009, the claimant responded to the request and

provided to debtor's counsel a letter which purported to set forth a legal/factual basis for the claim. Annexed hereto as Exhibit "B" is this correspondence.

### A. CLAIM NO. 7 FILED BY SONKIN & FIFER

11. The debtor has examined into Claim No. 7 filed by SONKIN & FIFER (""SONKIN"), on June 1, 2009, as a general unsecured claim in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

12. SONKIN'S claim arises from alleged damages arising from the debtor's resignation from the partnership, to wit:

a. alleged breach of fiduciary duty to the partnership due to his assignment to a legal lending corporation his future interest in pending cases with the Partnership;

b. alleged possible future lose caused by the necessity for SONKIN & FIFER to retain trial counsel in the existing cases of the Partnership due to the debtor's absence;

c. alleged possible future lose on contracts upon which all of the parties are obligated, such as the office lease, equipment leases and the like;

d. alleged possible future lose due to the expenses that will be incurred by the Partnership in winding down the business; and

e. alleged loss incurred by HOWARD and MARK due to the debtor's early withdrawal from the Partnership's Profit Sharing Plan.

13. To date, despite the debtor's lawful request for documentation demonstrating the "alleged future lose" as set forth in the claim, no such documentation has been provided, but for the self serving letter annexed hereto as Exhibit B. As is easily gleaned from this letter, there appears to exist no factual or legal basis for the claim. Additionally, to date, the remaining

partners continue to operate in the Partnership leased space, using the Partnership's equipment and supplies, and collecting Partnership fees without making any distributions, as required by law, to the debtor. Simply put, the remaining partners have continued to operate the Partnership "as is" and have not sought to wind down same as required by New York State Business and Partnership Law.

14. Additionally, neither the partnership, HOWARD or MARK has sought to liquidate any alleged lose with regard to the allegations made against the debtor or properly wind down the Partnership. Instead, the only action taken in this matter was for SONKIN and FIFER (1) to file an Objection to Confirmation in the case alleging, amongst other things, that the debtor's plan should not be confirmed as the debt owed exceeds the debt cap for Chapter 13 set forth in Section 109 of the United States Bankruptcy Code (the "Code") and that it believes that debtor is making income that the sum set forth as debtor's Schedules and (2) in response to the debtor's filing of 2004 Examination Requests file a Motion to Dismiss on the identical grounds cited in the Objection to Confirmation.

15. It is patently clear from a review of the facts and the law that neither SONKIN, HOWARD OR MARK have a valid claim against the debtor, thus, the claim as filed should be expunged. In re Bennett, 83 B.R. 248 (B.Ct.S.D.N.Y. 1988); In re Make Meat Corp., 1999 WL 178788 (B.Ct.S.D.N.Y. 1999); In re Kahn, 114 B.R. 40 (B.Ct.S.D.N.Y. 1990); In re Georg Jensen, Inc, 1 B.R. 239 (B.Ct.S.D.N.Y. 1979); In re Chateaugay Corp., 154 B.R. 29 (B.Ct.S.D.N.Y. 1993); In re Semetex Corporation, 853 F.Supp. 759 (D.Ct.S.D.N.Y. 1994); and In re Lamica Corporation, 65 B.R. 849 (B.Ct.S.D.N.Y. 1986).

16. In order for a creditor to receive payment pursuant to the debtor's plan, said

claimant must file a proof of claim pursuant to 11 U.S.C. §501(a). Pursuant to 11 U.S.C. §502, a claim is deemed allowed unless a party in interest objects to said claim. [I]f a claim against the debtor's estate alleges facts sufficient to support the claim, the claim is prima facie valid. In re Bennett, supra. In re Make Meat Corp., supra.; In re Kahn, supra.; In re Georg Jensen, Inc, supra.; In re Chateaugay Corp., supra.; In re Semetex Corporation, supra.; and In re Lamica Corporation, supra.

17. Once a claim is filed, the debtor may file an objection pursuant to 11 U.S.C. §502 and F.R.B.P. 3007. "Once the claimant has established its prima facie case, the burden of going forward then shifts to the debtor to produce evidence sufficient to negate the prima facie validity of the filed claim. Upon filing an objection, the Debtor bears the burden of going forward and presenting evidence to rebut, or cast doubt upon, the creditor's proof of claim." In re Make Meat Corp., supra. at 3. (See also, In re Galloway, 220 B.R. 236 (B.Ct.E.D.P.A. 1998) and In re Weidel, 208 B.R. 848 (B.Ct.M.D.N.C. 1997).

18. For the debtor to satisfy this burden, the debtor must:

a. demonstrate to the Court the absence of proof submitted by the claimant in support of the claim In re Semetex Corp., supra.; or

b. produce "evidence equal in force to the prima facie case ... which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." In re Make Meat Corp. supra. at 3.

19. Upon the debtor meeting this burden, it then becomes incumbent upon the claimant to prove the existence of its claim by a preponderance of the evidence. In re Bennett, supra. In re Make Meat Corp., supra.; In re Kahn, supra.; In re Georg Jensen, Inc, supra.; In re

6

Chateaugay Corp., supra.; In re Semetex Corporation, supra.; and In re Lamica Corporation, supra.

20. In the instant case, it is patently clear that the claimants herein have failed to put forth any evidence that would support a finding by this Court that the debtor is liable to them for damages due to his "forced" resignation from the firm. As to this issue, the claim as filed consists merely of a self serving proclamation of the debtor owing "possible future damages" to the claimants herein. Thus, the claimant has not provided sufficient information to establish a prima facia basis for the claim as filed.

21. It is clear from the facts as set forth herein that the claim as filed does not allege sufficient facts to support the claim. Thus, the claim does not benefit from the presumption that it is prima facie valid. As such, the claim as filed should be expunged. Id.

22. Accordingly, the debtor respectfully requests that the claim be **expunged.**

**WHEREFORE,** it is respectfully requested that Claim No. 7, filed by SONKIN & FIFER, be **expunged**; and that the debtor be granted such other and further relief as to this Court may seem just and proper.

Date: Wappingers Falls, New York
October 8, 2009

> GENOVA & MALIN
> Attorneys for the Debtor
>
> By: /s/Andrea B. Malin
> ANDREA B. MALIN, ESQ. (4424)
> Hampton Business Center
> 1136 Route 9
> Wappingers Falls, NY 12590
> (845) 298-1600